UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

DONALD WALLING and
CELESTA WALLING,

   Plaintiffs,         DEMAND FOR JURY TRIAL

 -vs-             Case No.
                Hon.

GRAFF CHEVROLET-MT. PLEASANT, INC., and
MEMBERS FIRST CREDIT UNION,

  Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

### PARTIES

3. The PlaintiffS to this lawsuit are Donald Walling and Celesta Walling who reside in Mount Pleasant, Michigan in Isabella County.

4. The Defendants to this lawsuit are as follows:

 a. Graff Chevrolet-Mt. Pleasant, Inc. ("Graff Chevrolet") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served

   through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

  b. Members First Credit Union ("MFCU"), which is a financial institution doing business in Michigan.

5. At all relevant times Graff Chevrolet -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6. Graff Chevrolet is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

7. Under M.C.L. § 492.114a, MFCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs plus costs and attorneys fees incurred.

## VENUE

8. The transactions and occurrences which give rise to this action occurred in Isabella County.

9. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10. Prior to March 19, 2015, Plaintiffs saw an advertisement from Graff Chevrolet which represented that Graff Chevrolet paid to purchasers at least $3,000.00 for all trade-ins and that the Plaintiffs would receive a $2,500.00 credit toward the purchase price of the vehicle ("false advertisement").

11. Relying on the false advertisement of Graff Chevrolet, Plaintiff's went to Graff Chevrolet on March 19, 2015 to trade in their vehicle and purchase another vehicle.

12. Plaintiffs explained to Graff Chevrolet that they wished to buy the 2007 Chevrolet Impala, VIN 2G1WT58K279126437 ("the vehicle") and wished to avail themselves of the $3,000.00 trade-in promotion in the advertisement and the $2,500.00 credit and at first, Graff Chevrolet represented that Plaintiffs were eligible for the promotions set forth in their false advertisement.

13. Plaintiffs also inquired after the cash purchase price of the vehicle and Graff Chevrolet represented that the cash price of the vehicle was $12,000.00.

14. The suggested retail price of the vehicle on the date of delivery according to market data was approximately $9,500.00.

15. After several hours at Graff Chevrolet, Graff Chevrolet then informed the Plaintiffs that Graff was not willing to honor its promise to pay $3,000.00 for their trade-in vehicle and would only pay $500.00 for their trade.

16. After seven and a half hours at Graff Chevrolet, the Plaintiffs were told that they had been "approved for financing" and were rushed through the signing of purchase and financing documents.

17. Graff Chevrolet did not provide the Plaintiffs with Truth-in-Lending disclosures in a form they could have and keep prior to consummation of the transaction.

18. When Graff Chevrolet was rushing the Plaintiffs through the signing of paperwork, Graff Chevrolet kept the disclosures and the purchase price hidden from the Plaintiffs so that the Plaintiffs could not discover a) that Graff Chevrolet had raised the purchase price from

$12,000.00 to $13,965.00 and b) that Graff Chevrolet had failed to include the $2,500.00 credit in the installment contract.

19. The cost of credit was not disclosed to the Plaintiffs until after they had signed the documents.

20. The purchase price was not disclosed to the Plaintiffs until after they had signed the documents.

21. On or about March 19, 2015, Plaintiffs executed a purchase and finance agreement known as a retail installment contract with Graff Chevrolet for a 2007 Chevrolet Impala, VIN 2G1WT58K279126437 ("the vehicle").

22. The retail installment contract is currently held by MFCU.

23. The retail installment, as a matter of law, contains all of the terms of the contract between the parties.

24. Graff Chevrolet had the clients sign an additional document containing additional material terms and conditions not included in the retail installment contract in violation of Michigan's "single document rule" in violation of Michigan motor vehicle retail installment sales law.

25. The Michigan Motor Vehicle Installment Sales Contracts Act provides that every retail installment sale of a motor vehicle shall be evidenced by an instrument in writing. The written instrument shall contain all of the agreements of the parties made with reference to the subject matter of the retail installment sale. Mich. Comp. Laws § 566.302.

26. In addition, the Michigan Motor Vehicle Sales Finance Act provides that an installment sales contract shall be in writing, and shall contain all of the agreements between the buyer and the seller relating to the installment sale of the motor vehicle sold. Mich. Comp. Laws §

492.112(a). *Rugumbwa v. Betten Motor Sales*, 136 F. Supp. 2d 729, 731 (W.D. Mich. 2001).

27. The Defendant dealer had the Plaintiffs sign documents which contained other material, but unenforceable terms not included in the retail installment contract in violation of the Michigan Motor Vehicle Sales Finance Act.

28. The Defendant dealer had the Plaintiffs sign documents which contained other material, but unenforceable terms not included in the retail installment contract in violation of the Michigan Motor Vehicle Sales Installment Contract Act.

29. Plaintiffs received a warranty from Graff Chevrolet at the time they purchased the vehicle.

30. Graff Chevrolet, in spite of providing a warranty with the vehicle, also attempted to disclaim implied warranties in other documents provided to the Plaintiffs.

31. Before executing the retail installment contract, Graff Chevrolet made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a. the vehicle's cash price was $12,000.00

    b. it paid at least $3,000.00 for all trade-ins

    c. the Plaintiffs would receive a $2,500.00 credit toward the purchase price of the vehicle.

32. Graff Chevrolet made the following representations by operation of law as a result of the sale of a written warranty within 90 days of the sale of the vehicle:

    a. The vehicle was merchantable.

    b. the vehicle was fit for its intended purpose.

33. Before executing the purchase agreement, Graff Chevrolet made the following specific representations which constituted express warranties:

   a. the vehicle's cash price was $12,000.00

   b. it paid at least $3,000.00 for all trade-ins

   c. the Plaintiffs would receive a $2,500.00 credit toward the purchase price of the vehicle.

   d. The vehicle was merchantable.

   e. the vehicle was fit for its intended purpose.

34. The vehicle did not meet Graff Chevrolet's specific representations which constituted express warranties.

35. Graff Chevrolet disclaimed or limited the warranty of merchantability and fitness for use without doing so clearly and conspicuously.

36. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 *et seq.*

37. The vehicle is neither fit nor merchantable.

## **COUNT I -- Truth In Lending Act (Graff Chevrolet)**

38. Plaintiffs incorporate the preceding allegations by reference.

39. By failing to provide Plaintiffs with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

40. Graff Chevrolet failed to accurately disclose the cash price of the vehicle.

41. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

42. Graff Chevrolet failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

43. Graff Chevrolet failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

44. As a consequence of failing to accurately state the actual finance charge, Graff Chevrolet also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

45. Graff Chevrolet failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

46. Graff Chevrolet was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale of the vehicle.

47. Those disclosures were required to be made in writing, in form that could be kept by the Plaintiffs in order to allow them to shop for credit prior to engaging in a credit transaction.

48. Graff Chevrolet failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

49. Graff Chevrolet is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

### COUNT II -- Magnuson-Moss Warranty Act (All Defendants)

50. Plaintiffs incorporate the preceding allegations by reference.

51. Plaintiffs are " consumers" as defined in 15 U.S.C. §2301(3).

52. Graff Chevrolet is a supplier and warrantor as defined in 15 U.S.C. §230 1(4)(5).

53. At the time Graff Chevrolet sold the vehicle to Plaintiffs , Graff Chevrolet also provided a warranty to Plaintiffs.

54. The predominant purpose of the transaction in which Graff Chevrolet sold the vehicle and warranty to Plaintiffs was one for sale of goods, namely a car.

55. Graff Chevrolet was a party to the contract in which the vehicle and the warranty were sold to Plaintiffs .

56. The provision of a warranty by Graff Chevrolet served as a basis for Mr. Walling's and Mrs. Walling's confidence in the vehicle and its reliability.

57. The provision of a service contract by Graff Chevrolet served as a basis for the bargain between Plaintiffs and Graff Chevrolet in the transaction in which the vehicle was purchased.

58. Graff Chevrolet has attempted to disclaim the implied warranties of fitness and merchantability where it has provided a warranty within 90 days of the sale of the vehicle.

59. Graff Chevrolet's attempts to disclaim the implied warranties of fitness and merchantability where it has provided warranty within 90 days of the sale of the vehicle violates 15 U.S.C. §2308.

60. In one FTC buyers guide, Graff Chevrolet affirmatively stated that it was giving no warranties; in another, Graff Chevrolet affirmatively stated that it was giving a warranty.

61. Under the buyers guide rule, 16 C.F.R. §455.4, Graff Chevrolet may not make any oral or express representations contrary to the final terms incorporated into the buyer's guide.

62. The oral or express representations made by Graff Chevrolet are contrary to the terms stated in the buyers guide, and therefore violate 16 C.F.R. §455.4 and constitute an unfair or deceptive practice under 15 U.S.C. 2301 *et seq*.

63. Under 15 U.S.C. §2301(a)(1), Graff Chevrolet, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

64. Graff Chevrolet has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

65. Plaintiffs have suffered damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

66. Plaintiffs suffer continuing damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. §2304(d).

## COUNT III -- Violation of Michigan Consumer Protection Act (Graff Chevrolet)

67. Plaintiffs incorporate the preceding allegations by reference.

68. Graff Chevrolet is engaged in trade or commerce as that term is defined in M.C.L. § 445.902.

69. Graff Chevrolet has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

    a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

    b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g. Representing that a part, replacement, or repair service is needed when it is not.

h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l. Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m. Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r.  Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s.  Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t.  Causing coercion and duress as the result of the time and nature of a sales presentation.

u.  Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

70. Plaintiffs have suffered damages as a result of these violations of the Michigan Consumer Protection Act.

71. Plaintiffs suffer continuing damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT IV -- Misrepresentation (All Defendants)

72. Plaintiffs incorporate the preceding allegations by reference.

73. The material representations were intended to induce the reliance of Plaintiffs.

74. The material representations did induce the reasonable reliance of Plaintiffs.

75. Graff Chevrolet made the material representations with actual knowledge of their falsity.

76. Graff Chevrolet made the material representations with reckless disregard to their truth or falsity.

77. Graff Chevrolet made the material representations even though it should have known that they were false.

78. These actions constitute a misrepresentation upon Plaintiffs by Graff Chevrolet.

79. Plaintiffs have suffered damages as a result of this misrepresentation.

80. As a result of this misrepresentation, Plaintiffs suffer continuing damages.

## COUNT V -- Breach of Contract (All Defendants)

81. Plaintiffs incorporate the preceding allegations by reference.

82. Graff Chevrolet's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

83. The failure of Graff Chevrolet to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

84. Plaintiffs have suffered damages as a result of this breach of contract.

85. Plaintiffs suffer continuing damages as a result of this breach of contract.

## COUNT VI -- Breach of Warranties (All Defendants)

86. Plaintiffs incorporate the preceding allegations by reference.

87. Graff Chevrolet has breached its warranty of merchantability.

88. Graff Chevrolet has breached its warranty of fitness for intended purpose.

89. Plaintiffs have suffered damages as a result of these breaches of warranty.

90. Plaintiffs suffer continuing damages as a result of these breaches of warranty.

## COUNT VII — Motor Vehicle Sales Finance Act (All Defendants)

91. Plaintiffs incorporate the preceding allegations by reference.

92. Graff Chevrolet failed to properly complete all necessary terms of the installment contract as required by M.C.L. §492.101 *et seq.*

93. In addition, the Michigan Motor Vehicle Sales Finance Act provides that an installment sales contract shall be in writing, and shall contain all of the agreements between the buyer and the seller relating to the installment sale of the motor vehicle sold. Mich. Comp. Laws § 492.112(a). *Rugumbwa v. Betten Motor Sales*, 136 F. Supp. 2d 729, 731 (W.D. Mich. 2001).

94. Plaintiffs have suffered the damages set forth above by reason of the Graff Chevrolet's violations of the MVSFA.

### COUNT VIII — Motor Vehicle Installment Sales Contract Act (All Defendants)

95. Plaintiffs incorporate the preceding allegations by reference.

96. This claim is brought under the Michigan Motor Installment Sales Contract Act, M.C.L. § 566.301 *et seq*, which will be referred to as the MVISCA throughout the remainder of this complaint.

97. Graff Chevrolet failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

98. Plaintiffs suffered damages in the amount of the finance charge imposed.

### COUNT IX — Motor Vehicle Sales Finance Act (MFCU)

99. Plaintiffs incorporate the preceding allegations by reference.

100. Under M.C.L. § 492.114a, MFCU is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiffs.

## JURY DEMAND

101.   Donald Walling and Celesta Walling demand a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

*1.   Assume jurisdiction over this case including all supplemental claims.*

*2.   Award actual damages.*

*3.   Award treble damages.*

*4.   Award statutory and punitive damages.*

*5.   Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

By:   s/ Adam G. Taub
      Adam G. Taub (P48703)
      Attorney for Donald Walling
      17200 West 10 Mile Rd. Suite 200
      Southfield, MI 48075
      Phone:  (248) 746-3790
      Email:   adamgtaub@clgplc.net

Dated: April 6, 2015